# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————

Nº 08-CV-2007 (JFB) (WDW)

————————————

KATHLEEN GIARDINA AND LYNN PANARIELLO,

Plaintiffs,

VERSUS

NASSAU COUNTY, ET AL.,

Defendants.

————————————

**MEMORANDUM AND ORDER**
May 7, 2010

————————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiffs Kathleen Giardina and Lynn Panariello (collectively "plaintiffs") brought this action against defendants Nassau County ("the County") and the Civil Service Employees Association ("CSEA") (collectively "defendants"). In a March 31, 2009 Memorandum and Order, this Court granted plaintiffs' motion to file a Second Amended Complaint to add further allegations in support of their claims under 42 U.S.C. § 1983. In the same Memorandum and Order, the Court denied defendants' motions to dismiss. The denial, however, was without prejudice to renewing the motions following the filing of the Second Amended Complaint.

Plaintiffs subsequently filed the Second Amended Complaint on June 16, 2009.

Defendants each filed motions to dismiss on August 31, 2009. For the reasons set forth below, the Court grants the motions to dismiss plaintiffs' § 1983 claims and declines to exercise supplemental jurisdiction over any pendent state law claims.

## I. BACKGROUND

The Court assumes familiarity with the facts, as set forth in detail in the Memorandum and Order dated March 31, 2009. In deciding this motion to dismiss, the facts alleged in the Second Amended Complaint are assumed to be true and are construed in the light most favorable to plaintiffs, the non-moving party.

On March 31, 2009, this Court issued a Memorandum and Order granting the plaintiffs' motion to amend and denying

defendants' motions to dismiss without prejudice to renewal. In the Memorandum and Order, the Court explained that the only basis for federal subject matter jurisdiction in the amended complaint was 42 U.S.C. § 1983. (*See* Mem. & Order, at 9-12.) The Court also observed that any § 1983 claim based on conduct occurring before May 2005 would be time barred by the applicable statute of limitations. (*See id.* at 13.) The Court also addressed defendants' argument that a 2008 decision by Justice Cozzens of the New York State Supreme Court, Nassau County ("the Nassau County action"), barred plaintiffs' claims through the doctrines of *res judicata* and collateral estoppel. The Court noted that "defendants [had] raised a significant *res judicata*/collateral estoppel argument with respect to plaintiffs' claims, including the [§] 1983 claim . . . . [P]laintiffs would be precluded from trying to raise, in the guise of a [§] 1983 claim, the same issues presented" in Supreme Court, Nassau County. However, "[b]ecause the precise parameters of plaintiffs' proposed [§] 1983 claim [were] not entirely clear, and because they are proceeding *pro se*," the Court allowed plaintiffs to file a Second Amended Complaint "further articulat[ing] the [§] 1983 claim and address[ing] the *res judicata*/collateral estoppel issues raised by defendants." (*Id.* at 15.)

Plaintiffs then filed a Second Amended Complaint ("SAC") on June 16, 2009. In it, plaintiffs allege that their § 1983 claim is "two-fold." First, plaintiffs claim their "due process rights were violated" at a September 14, 2006 arbitration hearing ("the 2006 arbitration") because they were not allowed to testify on their own behalf, present evidence, or cross-examine witnesses and because they "did not receive what was due and owing to

[them]; reinstatement of jobs," back pay, back leave, and contributions to social security and the New York State retirement system. (SAC ¶¶ 1-2.) Second, plaintiffs allege that their due process rights were violated because "Justice Cozzens failed to acknowledge the existence of the constitutional principle on which Plaintiffs based their claim, [and] thereby [was] unwilling to protect Plaintiffs' rights. Additionally, Justice Cozzens never made a decision nor afforded Plaintiffs an opportunity to be heard on Plaintiffs' claim of Defendant CSEA's failure to represent." (*Id.* ¶ 4.)

Defendants moved to dismiss on August 31, 2009. (Docket 45-46.) Plaintiffs submitted an opposition brief on October 30, 2009. (Docket 47.) Defendants filed their replies on November 16, 2009. (Docket 48-49.) The motion is fully submitted.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible

on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), setting forth a two-pronged approach for courts deciding a motion to dismiss. The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings . . . . This is particularly so when the pro se plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (alterations in original)); accord *Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004).

## III. DISCUSSION

As set forth below, the Court finds that the doctrine of *res judicata* bars plaintiffs' § 1983 claim regarding the 2006 arbitration. Plaintiffs could have raised (and, at least partially, did raise) these allegations in the Nassau County action. They cannot, therefore, bring another action in this Court based on those allegations. Additionally, the Court finds the § 1983 claim premised on the actions of the judge in the Nassau County proceeding fails to state a claim for which relief can be granted. Accordingly, the Court grants defendants' motions to dismiss plaintiffs' § 1983 claims with prejudice. The Court, however, declines to exercise supplemental jurisdiction over any pendent state law claims.

### A. Claims Regarding the 2006 Arbitration

Plaintiffs allege that their due process rights were violated at the 2006 arbitration. Specifically, they claim they were not allowed to testify on their own behalf, present evidence, or cross-examine witnesses and that they "did not receive what was due and owing to [them]; reinstatement of jobs," back pay, back leave, and contributions to social security and the New York State retirement system.

(SAC ¶¶ 1-2.) Defendants argue that the doctrine of *res judicata* precludes plaintiffs from asserting these claims because the claims are analogous to those raised in the Nassau County action. The Court agrees with defendants.

### 1. Applicable Law

Under the doctrine of *res judicata*, otherwise known as claim preclusion, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)) (internal quotation marks and emphasis omitted); *accord Allen v. McCurry*, 449 U.S. 90, 94 (1980). "In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. N.Y. City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994); *see* 28 U.S.C. § 1738 ("[J]udicial proceedings of any court of any state . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.").

Here, because the Nassau County action took place in a New York state court, this Court must apply the principles of *res judicata* according to New York law. *See Matsushita Elec. Indus. Co. v. Esptein*, 516 U.S. 367, 373 (1996) ("Federal courts may not 'employ their own rules . . . in determining the effect of state judgments,' but must 'accept the rules chosen by the State from which the judgment is taken'" (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1982))). New York courts apply a transactional analysis of *res judicata*, "'barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief.'" *Burka*, 32 F.3d at 657 (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). *Res judicata* applies when there is (1) a final, prior adjudication on the merits (2) that involved the parties in the current case or their privies, and (3) the claims involved in the current case were raised or could have been raised in the prior case. *See People ex. rel. Spitzer v. Applied Card Sys.*, 894 N.E.2d 1, 12 (N.Y. 2008); *Landau v. LaRossa, Mitchell & Ross*, 892 N.E.2d 380, 383 (N.Y. 2008); *In re Hunter*, 827 N.E.2d 269, 274 (N.Y. 2005); *Abraham v. Hermitage Ins. Co.*, 851 N.Y.S.2d 608, 609 (App. Div. 2008). In deciding a motion to dismiss on *res judicata* grounds, the Court may take judicial notice of documents filed in previous cases, "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *see also Cowan v. Ernest Codelia, P.C.*, No. 98 Civ. 5548(JGK), 2001 WL 856606, at *1 (S.D.N.Y. July 30, 2001) ("[I]t is proper to consider public documents on a motion to dismiss to determine whether claims are barred by prior litigation.").

### 2. Application

The Court concludes that *res judicata* bars plaintiffs' claims regarding a lack of due process in the arbitration proceeding. First, the decision in the Nassau County action is a final judgment entitled to preclusive effect. An order denying a motion to vacate or modify an arbitration award has the effect of confirming the award. *Cf.* N.Y. C.P.L.R. §

7511(e) ("[U]pon the denial of a motion to vacate or modify; [the court] shall confirm the award."). Once the decision issued, the parties' only legal recourse with regard to the arbitration was to appeal Justice Cozzens' decision. Nothing remained to be done at the trial-court level. *Cf. Citidress II Corp. v. Hinshaw & Culbertson LLP*, 873 N.Y.S.2d 53, 54 (App. Div. 2009) (applying *res judicata* where "plaintiff's causes of action . . . were litigated to a final conclusion in a prior proceeding culminating in an order of the Supreme Court, New York County"); *Sabatino v. Capco Trading, Inc.*, 813 N.Y.S.2d 237, 238 (App. Div. 2006) ("As [the trial court's] decision was rendered June 27, 2003, finality of the issue was clear on that date . . . ."). Justice Cozzens' decision was, therefore, a final judgment on the merits.

Second, the parties in this case were parties in the case before Justice Cozzens. Although the action was captioned "In the Matter of Arbitration (Case 9-92) between [CSEA] . . . against County of Nassau . . . ," it is clear from the decision that Panariello and Giardina—the plaintiffs in the instant case—filed the action in Nassau County and that the County and the CSEA—the defendants in the instant case—opposed Panariello and Giardina. (*See* SAC Exs. 1B-1D.)

Third, the issues plaintiffs seek to raise here were raised or could have been raised in the previous action. As a threshold matter, the Nassau County court had the ability to consider plaintiffs' claims regarding a lack of due process in the arbitration. *Cf. Bottini v. Sadore Mgmt. Corp.*, 764 F.2d 116, 119 (2d Cir. 1985) ("The court in which the first action was brought must have been willing and able to consider the theory that is advanced in the second action."). Regardless of the precise form of relief plaintiffs sought,[1] the mechanism for seeking either vacatur or modification of an arbitration award is through New York C.P.L.R. § 7511. Under § 7511(b) an arbitration award can be vacated because of "corruption, fraud or misconduct in procuring the award," partiality of the arbitrator, the arbitrator's exceeding his or her power, or the arbitrator's failure to follow the procedures of C.P.L.R. Article 75. *See also Erin Constr. and Dev. Co. v. Meltzer*, 873 N.Y.S.2d 315, 316 (App Div. 2009) (explaining that an arbitration award can be vacated only "if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrator's power"). Under § 7511(c), an award can be modified because the arbitrator miscalculated the award, made "a mistake in the description of any person, thing or property referred to in the award," decided an issue that was not actually before him, or made an error regarding other non-merits issues.

---

[1] The papers filed by plaintiffs in the Nassau County action are somewhat inconsistent as to whether plaintiffs sought to modify the arbitration award or to vacate it. In their orders to show cause, plaintiffs stated they sought both "modification" of the 2006 arbitration award "as well as to vacate that portion of the [award] that is inconsistent." (*See* SAC Ex. 1A.) In Giardina's "Amended Reply Affidavit to Cross-Motion to Dismiss," however, she stated that "Defendant's Attorney is incorrect in stating that we seek to vacate the award. As indicated in the Order to Show Cause, Movants are seeking to modify the award." (*See* SAC Ex. 1E ¶ 10.). As explained above, these distinctions are irrelevant to the present analysis.

Thus, although the scope of a court's review under § 7511 is narrow and does not allow a court to review the merits of the arbitration,[2] a court can examine whether the procedures used in the arbitration itself complied with due process. In *Henneberry v. ING Capital Advisors LLC*, 886 N.E.2d 764 (N.Y. 2008), for example, the New York Court of Appeals reviewed (and rejected on the merits) a plaintiff's claim that an arbitrator deprived her of her rights to "basic due process" and fundamental fairness by deciding to shift the burden of proof during the arbitration. 886 N.E.2d at 767; *see also Murphy v. Wack*, 576 N.Y.S.2d 129, 130 (App. Div. 1991) (reviewing arbitration award, issued under a collective bargaining agreement, for compliance with due process). *See generally Prof'l Staff Congress/City Univ. of N.Y. v. Bd. of Higher Ed. of City of N.Y.*, 347 N.E.2d 918, 920-21 (N.Y. 1976) (reviewing and rejecting petition to vacate an arbitration award on the grounds that arbitrator engaged in misconduct by refusing to admit evidence). Thus, the Nassau County court had the ability to consider plaintiffs' due process claims in the context of a proceeding brought under § 7511.[3]

Moreover, plaintiffs actually raised in the Nassau County action the same claims they seek to raise here. In their orders to show cause in that action, plaintiffs argued that they "did not receive" what they were "entitled to" during the arbitration. (*See* SAC Ex. 1A.) Plaintiffs make an almost identical allegation in the context of their due process claim here. They allege their "procedural due process rights were violated in that [they] did not receive what was due and owing to [them]. . . ." (SAC ¶ 2.) Furthermore, in opposing the motion to dismiss in the Nassau County

---

[2] *See generally Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free School Dist.*, 411 F.3d 306, 311 n.2 (2d Cir. 2005) (noting in dicta "the limited scope of review under Article 75"and the accordingly narrow preclusive effect of Article 75 decisions); *Fayer v. Town of Middlebury*, 258 F.3d 117, 125 (2d Cir. 2001) ("[W]e conclude that on the facts of this case Connecticut courts would not grant preclusive effect to the state court confirmation judgments so as to bar Fayer from litigating his federal First Amendment claims.").

[3] Some cases have declined to give *res judicata* effect to an order confirming an arbitration award when doing so would preclude a subsequent

---

federal claim. Those cases, however, are distinguishable from this case. In *Bottini v. Sadore Management Corp.*, 764 F.2d 116 (2d Cir. 1985), for example, Bottini, a former apartment building superintendent, brought a Title VII case alleging that the defendant, his former employer, unlawfully discriminated against him on the basis of religion when it dismissed him. Before plaintiff brought the Title VII case, the parties had engaged in several proceedings. Among these was an arbitration in which Bottini challenged his discharge. The arbitrator found for the defendant, and the defendant confirmed the award through an Article 75 proceeding. In the Title VII case, the defendant argued that the Article 75 proceeding was *res judicata* as to the Title VII claim. The Second Circuit disagreed. It reasoned that a Title VII religious discrimination claim was outside the scope of the underlying arbitration and that, given the narrow scope of Article 75 review, the state court did not have the power to determine whether the employer discriminated on the basis of religion. *See* 764 F.2d at 121; *see also Fayer*, 258 F.3d at 125 (finding that *res judicata* effect of Connecticut proceeding to confirm arbitration award did not bar subsequent § 1983 claim alleging violations of the First and Fourteenth Amendments). The instant case is distinguishable because here plaintiffs assert a due process challenge to the arbitration proceeding itself, an issue that the state court had the power to resolve.

action, plaintiff Giardina claimed that the arbitration "was not a fair hearing as I was not afforded the opportunity to testify and produce records . . . . " (*See* Mitchell Aff. Ex. C., ¶ 4.) Similarly, in this case, plaintiffs allege they "were precluded from testifying in their own behalf, presenting both documentary evidence as well as presenting evidence through witnesses . . . ." (SAC ¶ 1.) The fact that, in this case, plaintiffs raise their due process claim through § 1983 does not change the result. *Carmellino v. Dist. 20 of N.Y. City Dep't of Educ.*, No. 03 Civ. 5942 (PKC), 2004 WL 736988, at *10 (S.D.N.Y. Apr. 6, 2004) ("[E]ven a different theory of liability . . . is insufficient to avoid the 'transactional approach' of New York's law of *res judicata*. Additionally, plaintiffs' argument that their section 1983 claims must be distinguished from the state claims . . . contradicts *res judicata*'s teachings that a second action cannot stand solely because it is based on a different legal theory."); *Ramsey v. Busch*, 19 F. Supp. 2d 73, 85 (W.D.N.Y. 1998) (finding that *res judicata* effect of earlier negligence action barred § 1983 claim because "permitting [plaintiff's] § 1983 action to proceed would destroy or impair the rights or interests afforded the parties by the first action, including the Defendants' rights to avoid being vexed by further litigation involving the identical facts and issues as those resolved in the prior case."). *See generally Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984) ("Section 1983 . . . does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims.").[4] In sum, in this case,

plaintiffs claim the 2006 arbitration violated their due process rights. However, they could have raised (and, to an extent, did raise) this claim in the Nassau County action. Therefore, the plaintiffs' due process claim regarding the 2006 arbitration could have been raised in the action in Supreme Court, Nassau County. Moreover, plaintiffs could have appealed the decision of the Nassau County court in state court but failed to do so. Accordingly, the doctrine of *res judicata* precludes plaintiffs from bringing that claim here.

## B. Claim Regarding the Nassau County Action

Additionally, plaintiffs assert that their due process rights were violated because "Justice Cozzens failed to acknowledge the existence of the constitutional principle on which Plaintiffs based their claim, [and] thereby [was] unwilling to protect Plaintiffs' rights. Additionally, Justice Cozzens never made a decision nor afforded Plaintiffs an opportunity to be heard on Plaintiffs' claim of Defendant CSEA's failure to represent." (SAC ¶ 4.) This claim fails as a matter of law.

---

[4] Additionally, the remedies apparently sought in this case are not unique to a § 1983 action.

Although the Second Amended Complaint does not contain a prayer for relief, the First Amended Complaint seeks (1) a judgment against defendants; (2) confirmation of a 1998 arbitration award; (3) back pay and longevity pay; (4) costs and fees; and (5) interest. In short, the relief sought is essentially a modification of the 2006 arbitration award—relief that could have been awarded in an Article 75 proceeding. *Cf. e.g.*, *Phifer v. City of N.Y.*, 289 F.3d 49, 56 (2d Cir. 2002) (finding that *res judicata* effect of Family Court action did not bar subsequent § 1983 claim seeking monetary damages because Family Court did not have the power to award monetary damages).

### 1. Applicable Law

As with plaintiffs' first claim, this claim is brought under 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). For claims under § 1983, a plaintiff must prove that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citation omitted).

### 2. Application

#### a. Nassau County

As a municipality, Nassau County may be liable under § 1983 if plaintiffs can plead and prove: (1) there was an official municipal policy or custom; and (2) that policy or custom caused them to be denied a constitutional right. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). There must be a "direct causal link" between the alleged municipal action and the deprivation of the plaintiffs' constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985); *see also Lynch v. Suffolk County Police Dep't*, 348 F. App'x 672, 675 (2d Cir. 2009) ("In order to prevail on a claim against a municipality under *Monell*, a plaintiff must allege, among other things, that a 'municipal policy of some nature caused a constitutional tort.'" (citations omitted)).

Here, the basis of plaintiffs' claims seems to be the actions of Justice Cozzens. However, Justice Cozzens is not a defendant in this case. Moreover, plaintiffs do not allege that Justice Cozzens took any of these alleged actions pursuant to any official municipal policy or practice of Nassau County.[5] As such, plaintiffs have failed to state a viable *Monell* claim against Nassau County.

#### b. CSEA

The claim against CSEA fails as well. "'Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (quoting *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295-96 (2d Cir. 1991)). "Labor unions such as CSEA generally are not state actors . . . ." *Id.* An exception to this rule occurs when a plaintiff can show that a union (or, for that matter, any other non-state actor) conspired with a state actor. However, "to survive a motion to dismiss on a § 1983 conspiracy claim, the plaintiff must allege (1) an agreement between two or more state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of the goal." *Carmody v. City of N.Y.*, No. 05-CV-8084 (HB), 2006 WL 1283125, at *6 (S.D.N.Y. May 11, 2006) (citing *Ciambriello*, 292 F.3d 324-35). Vague and conclusory allegations that defendants have engaged in a conspiracy must be

---

[5] The Court also notes that Justice Cozzens, a New York State Supreme Court Justice, is not an employee or agent of Nassau County.

dismissed. *See Ciambriello*, 292 F.3d at 325 (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Robbins v. Cloutier*, 121 F. App'x 423, 425 (2d Cir. 2005) (dismissing a § 1983 conspiracy claim as insufficient where plaintiff merely alleged that defendants "acted in a concerted effort" to agree not to hire plaintiff and to inform others not to hire plaintiff).

Here, the Second Amended Complaint makes no allegation—much less any plausible allegation—that CSEA conspired with any state actor and that this conspiracy resulted in Justice Cozzens' alleged constitutional violations. *Cf. Ciambriello*, 292 F.3d at 324 (dismissing § 1983 conspiracy claim). Plaintiffs' claim, therefore, fails as against CSEA.

## C. Leave to Replead

As set forth above, plaintiffs' § 1983 claims cannot survive defendants' motions to dismiss. The Court has also considered whether plaintiffs should be given an opportunity to replead. The Court is mindful of the plaintiffs' *pro se* status; the Second Circuit has emphasized that "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, "a court should freely give [leave to amend] when justice so requires." Fed. R. Civ. P. 15(a).

However, even under this liberal standard, the Court finds that any attempt to amend the pleading would be futile. In its previous opinion in this case, issued over one year ago, the Court noted the apparent *res judicata* issues with the plaintiffs' allegations but nonetheless allowed plaintiffs an opportunity to replead and file a Second Amended Complaint. Based on the Court's review of the record in deciding both the earlier motions to dismiss and the current motions, it is apparent that plaintiffs cannot assert a plausible § 1983 claim given, among other things, the applicable statute of limitations and the *res judicata* effect of the Nassau County action.

In sum, the Court finds that any attempt by plaintiffs to replead a § 1983 claim and file a third amended complaint would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[ ] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied"). Accordingly, plaintiffs' § 1983 claims are dismissed with prejudice.

## D. State Law Claim

Plaintiffs also appear to assert a state law claim for breach of the duty of fair representation. (*See* SAC at 8.)

Having determined that plaintiffs' federal claims do not survive defendants' motions to dismiss, the Court concludes that retaining jurisdiction over any state law claims is unwarranted. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "In the interest of comity, the

Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)).

Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over plaintiffs' state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, No. 99 Civ. 3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court.").

Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over the remaining state law claim given the absence of any federal claims that survive the motions to dismiss and dismisses any such claim without prejudice.

IV. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss plaintiffs' § 1983 claims are granted, and those claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over any pendent state law claims asserted by plaintiffs, and, thus, such claims are dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: May 7, 2010
Central Islip, New York

* * *

Plaintiffs are *pro se.* Nassau County is represented by Susan M. Tokarski, Nassau County Attorney's Office, One West Street, Mineola, NY 11501. The CSEA is represented by Ellen Mary Mitchell, Civil Service Employees Association, Inc., 143 Washington Avenue, Albany, NY 11210.